**In the Matter of The MIDWESTERN COMPANIES, INC., Titan Energy Engineering, Inc., and Titan Energy, Inc., Debtors.**

**Bankruptcy Nos. 84–01679–SW–11, 84–01666–SW–11 and 84–01663–SW–11.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Nov. 9, 1984.

J. Van Oliver, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., Paul E. Berman, Michael R. Roser, Berman, DeLeve, Kuchan & Chapmen, Kansas City, Mo., for debtors.

ORDER GRANTING DEBTORS LEAVE TO INCUR CREDIT IN THE SUM OF $100,000.00 AND TO GRANT LENDER A RIGHT TO PAYMENT AS A PRIORITY ADMINISTRATIVE EXPENSE IN ACCORDANCE WITH THE TERMS OF A CONFIRMED PLAN OF REORGANIZATION OR OTHERWISE, IN THE EVENT OF CONVERSION OR DISMISSAL OF THESE PROCEEDINGS, IN ACCORDANCE WITH LAW AND DIRECTING APPLICATION OF PROCEEDS OF LOAN TO SECURED CREDITORS IN ACCORDANCE WITH ORDERS OF COURT

DENNIS J. STEWART, Bankruptcy Judge.

Now pending before the court is an oral request of the debtors, made in open court on November 8, 1984, to borrow the sum of $100,000.00 from Calvin Guest, the board chairman of one of the debtors, who is admitted to be an "insider" of the debtors within the meaning of the Bankruptcy Code. It is proposed that Mr. Guest be granted a security interest in the stock of two solvent subsidiary corporations which is said to have a cumulative value of $2 million.

The court, after consideration, has determined that leave should be granted to incur the indebtedness, but on condition that the lender should be granted a right to repayment as a priority expense of administration rather than as a creditor secured by stock which is the potential property of the debtor corporations. The court is reluctant to grant an insider a security interest in property of the debtor corporations, particularly prior to confirmation and thus at a time when the court cannot, in the face of creditor objections to the proposal, ensure equality of treatment among creditors of the same or similar classification. Counsel for the debtors has objected that this position of the court is not supported by reality; that an insider's money "is as green as anybody else's." There can be little dissent from the basic proposition of equality

in the positions of those who contribute value to enable the actual and necessary expenses of the debtors' operations. But, in this context, an insider's money is no greener than that money or value which is contributed by others to operations of the debtors. And the evidence before the court shows without contradiction that others who are or may be entitled to payment as expenses of administration remain unpaid and that it is not proposed to grant them any security interest in any property of the debtors. According to the testimony of the debtors' officer, Mr. Mason, in the hearing of November 8, 1984, these unpaid bills currently amount to at least $144,000.00. They crucially include the work done by consulting engineers which the debtors must represent to the court constitutes an actual, necessary expense of administration. No basis is presented on which the court might reasonably predicate a conclusion that these contributions of value are less worthy than those which are now proposed to be made by an insider. Yet, it is now suggested that an insider should have a greater and more secure claim against the estate than other creditors of the same classification. But the fact that one is an insider does not, without more, give a creditor additional rights. In fact, it sometimes is held to diminish his status in making claims against the estate. Cf. § 510(c) of the Bankruptcy Code. Nor can it be said that the fact that the estate sorely needs the money and the insider will not grant it without being granted greater concessions than other similarly-situated creditors is sufficient reason in law or equity to grant the insider the edge which is sought over other creditors. In *Matter of Isis Foods, Inc.,* 37 B.R. 334, 337 (W.D.Mo.1984), the distinguished district judge, Joseph E. Stevens, Jr., held that "[t]o accept such a contention would permit those creditors most essential to the debtor's continued operation to plunder the estate and thereby to reduce greatly the likelihood of successful rehabilitation." The preferable course is for the insider to exhibit the same faith

in an ultimately successful reorganization as the unpaid creditors of like class or type are now involuntarily required to exhibit and to make the loan in return for the prospect of repayment as an expense of administration, either in accordance with the terms of a confirmed plan of reorganization or as otherwise provided by law.[1]

The facts before the court demonstrate that the needs of secured creditors for adequate protection under the rule of *In re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984), are the most pressing and the debtors propose to pay those with the proceeds of the loan. It will be accordingly directed that the secured creditor Sunwest Bank be paid on or before November 11, 1984, in accordance with the considerations stated in accordance with this court's order of November 1, 1984. If this is not timely accomplished, relief from the automatic stay must be granted in accordance with Sunwest's oral motion of November 8, 1984. The First Interstate Bank of Albuquerque shall be paid in accordance with the terms of a forthcoming order of court.

For the foregoing reasons, it is hereby

ORDERED that the debtors be, and they are hereby, granted leave to borrow $100,-000.00 from Calvin Guest, which may be repaid as an expense of administration in accordance with the terms of a confirmed plan of reorganization or otherwise, in the event of conversion or dismissal of these proceedings, as provided by law. It is further

ORDERED that the proceeds of the loan be first applied to the satisfaction of the adequate protection of the secured creditor Sunwest Bank, Inc., according to the order of November 1, 1984, on or before November 11, 1984, and to adequate protection of The First Interstate Bank of Albuquerque in accordance with *In re American Marine Industries, Inc., supra.*

---

1. If a plan is confirmed, the court may, in accordance with its terms, then consider grant-

ing Mr. Guest a security interest which will attach on court approval.